IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____ (CIVIL)

ELIEN LORENZO and LAZARO CABRERA,
individually and as parents and natural
guardians of K.C., a minor,

       Plaintiffs,

vs.

UNITED STATES OF AMERICA,

       Defendant.
_____/

## PLAINTIFFS' COMPLAINT FOR DAMAGES

The Plaintiffs, ELIEN LORENZO and LAZARO CABRERA, individually and as parents and natural guardians of K.C., a minor, sue the Defendant, UNITED STATES OF AMERICA, and allege:

### JURISDICTIONAL STATEMENT

1. This is a claim against the UNITED STATES OF AMERICA for money damages for injuries caused by the negligence or wrongful acts or omissions of employees, agents, and/or servants of Citrus Health Network, Inc. ("CITRUS"), including, but not limited to, Nelson Alvarez-Reyes, M.D. ("ALVAREZ-REYES, M.D.), located in Hialeah, Miami-Dade County, Florida.

2. Jurisdiction is based upon U.S.C. §1331, 28 U.S.C. §1346 (b), and 28 U.S.C.A. §2674.

3. Venue is proper in the Southern District of Florida based upon 28 U.S.C. §1931(e) because the Southern District, Miami Division, is the judicial district in which CITRUS and ALVAREZ-REYES, M.D. are located.

{00035955.DOC. 1 }

Case 1:15-cv-22904-FAM   Document 1   Entered on FLSD Docket 08/04/2015   Page 2 of 8

LORENZO, etc. et al. vs. UNITED STATES OF AMERICA

## IDENTIFICATION OF PARTIES

4. The Plaintiffs, ELIEN LORENZO and LAZARO CABRERA, at all times material hereto, were *sui juris,* the natural parents and guardians of K.C., a minor child and were residents of Miami-Dade County, Florida.

5. K.C., a minor child, is seriously, totally and permanently disabled. His natural guardians and parents, Plaintiffs, have brought suit on his behalf as well as for their own personal damages on account of giving birth to a child with a serious impairing birth condition and injury.

6. The Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, including, but not limited to, CITRUS and ALVAREZ-REYES, M.D. rendered medical care to ELIEN LORENZO and her minor child, K.C., from December 13, 2012 through August 9, 2013 at CITRUS and Hialeah Hospital.

7. CITRUS has been deemed an agency of the Defendant, UNITED STATES OF AMERICA, through the United States Department of Health and Human Services.

8. At all times material hereto, ALVAREZ-REYES, M.D. was an employee and/or agent of CITRUS and was acting within the course and scope of his employment and/or agency relationship with CITRUS and is, therefore, covered under the FTCA.

## COMPLIANCE WITH CONDITIONS PRECEDENT

9. This action has been commenced against the Defendant within six (6) years after the right of action first accrued. The Plaintiffs have complied with the requirements of 28 U.S.C. §2401 by presenting a claim in writing to the appropriate federal agency within two (2) years after the claim accrued. A copy of the Notice of Claim was filed on behalf of Plaintiff, K.C., a minor, on April 14, 2014. The acknowledgment of receipt of claim by the Defendant was dated May 6, 2014. A Notice of Claim was filed on behalf of Plaintiffs, ELIEN LORENZO and LAZARO CABRERA, individually, on November 18, 2014. The Defendant

Case 1:15-cv-22904-FAM   Document 1   Entered on FLSD Docket 08/04/2015   Page 3 of 8

LORENZO, etc. et al. vs. UNITED STATES OF AMERICA

denied all the claims on August 26, 2014. A request for reconsideration for all claims was filed on behalf of Plaintiffs on January 7, 2015. The Defendant denied Plaintiffs' request for reconsideration on February 12, 2015. Therefore, the Plaintiffs have complied with any and all conditions precedent to the maintenance of this lawsuit, including 28 U.S.C. §2401 and §2675.

10. A Notice of Intent to Initiate Litigation for Medical Negligence was given to ALVAREZ-REYES, M.D. by letter dated February 21, 2014, in accordance with the requirements of 28 U.S.C. §2401 and Florida Statute §766.106(2).

11. A Notice of Intent to Initiate Litigation for Medical Negligence was given to CITRUS by letter dated April 9, 2014, in accordance with the requirements of 28 U.S.C. §2401 and Florida Statute §766.106(2).

12. Alternatively, this action been properly brought within two (2) years of the date the alleged negligent incident occurred or within two (2) years of the date the alleged negligent incident could have been discovered with the exercise of due diligence and not later than four (4) years from the date the incident occurred.

## CERTIFICATE OF COUNSEL

13. Through Counsel's signature on this Complaint, it is hereby certified pursuant to Florida Statute § 766.203, that counsel for the Plaintiffs, prior to the filing of this action, made a reasonable investigation as permitted by the circumstances to determine if there are grounds or a good faith belief that there was negligence in the care and treatment of ELIEN LORENZO and her minor child, K.C., by Defendant. Further, such reasonable investigation has given rise to a good faith belief that grounds exist for an action against the named Defendant.

## FACTS GIVING RISE TO CAUSE OF ACTION

14. ELIEN LORENZO and her unborn child became patients of ALVAREZ-REYES, M.D. on December 13, 2012 for prenatal care.

Case 1:15-cv-22904-FAM   Document 1   Entered on FLSD Docket 08/04/2015   Page 4 of 8

LORENZO, etc. et al. vs. UNITED STATES OF AMERICA

15. On or about May of 2013, ELIEN LORENZO, and her unborn child continued their prenatal care with ALVAREZ-REYES, M.D. at CITRUS, and thereafter, her postpartum care with ALVAREZ-REYES, M.D. at CITRUS.

16. ELIEN LORENZO and her unborn child were treated by ALVAREZ-REYES, M.D., as a patient at CITRUS several times from May, 2013, through early July, 2013, and thereafter following the birth of K.C., through August 9, 2013.

17. During the course of her prenatal care, ELIEN LORENZO, had numerous fetal ultrasounds studies performed which showed an estimated date of delivery of August 3, 2013. Specifically, she had ultrasounds performed on December 26, 2012, January 25, 2013, February 22, 2013, February 28, 2013, March 26, 2013, June 4, 2013 and June 14, 2013. All such ultrasound reports were reviewed by ALVAREZ-REYES, M.D., as part of his prenatal care of ELIEN LORENZO and her unborn child.

18. The first fetal ultrasound report, dated December 26, 2012 reflects a significantly different estimated date of delivery/gestational age when looking at the mother's last menstrual period with the estimated date of delivery and gestational age reflected by the ultrasound report. The December 26, 2012 ultrasound report shows a gestational age of twelve weeks, two days, based on the mother's last menstrual period; it shows an ultrasound fetal age of nine weeks, one day, based on the ultrasound measurements. Thereafter, every single fetal ultrasound done continued to reflect a significant difference between the gestational age based on the mother's last menstrual period and the gestational age reflected by the fetal ultrasounds.

19. The last of the above referenced fetal ultrasound reports, dated June 14, 2013, shows a gestational age based on the mother's last menstrual period of thirty-six (36) weeks, four (4) days and an assigned gestational age by ultrasound of thirty-two (32) weeks, six (6) days. This last ultrasound report clearly and unequivocally reflects a date of delivery based on the ultrasound findings of August 3, 2013.

Case 1:15-cv-22904-FAM   Document 1   Entered on FLSD Docket 08/04/2015   Page 5 of 8

LORENZO, etc. et al. vs. UNITED STATES OF AMERICA

20.     Despite the estimated date of delivery of August 3, 2013, on the fetal ultrasound report of June 14, 2013, ALVAREZ-REYES, M.D., without any justification of any kind, admitted ELIEN LORENZO to Hialeah Hospital for the induction of labor on July 1, 2013, more than four (4) weeks before the unborn baby reached full gestational age.

21.     In addition, ALVAREZ-REYES, M.D. knew that the appropriate estimated date of delivery of ELIEN LORENZO was in fact several weeks later. On April 24, 2013, ALVAREZ-REYES, M.D. wrote a proof of pregnancy letter confirming his care of ELIEN LORENZO for her pregnancy. At that time, he noted that the estimated date of delivery was July 30, 2013, not July 1, 2013.

22.     On or about 2013, ELIEN LORENZO, at 35 weeks gestation, presented to Hialeah Hospital, as instructed by ALVAREZ-REYES, M.D., for the planned induction of childbirth.

23.     During ELIEN LORENZO's admission to Hialeah Hospital, a fetal ultrasound was done on July 1, 2013. The measurements, as reflected by the ultrasound report, were most consistent with a baby of 36 weeks, 4 days gestation. The fetal maternal medicine physician who read and interpreted the fetal ultrasound recommended to ALVAREZ-REYES, M.D., that if there were no risk factors for placental insufficiency and fetal testing continued to be reassuring, delivery should be delayed until 39 weeks, 6 days. ALVAREZ-REYES, M.D., despite the recommendation, decided to completely ignore it and continue with his plan to induce labor.

24.     In 2013[1], ELIEN LORENZO delivered her child, K.C., at Hialeah Hospital. The Apgars were 4 at 1 minute, 4 at 5 minutes and 4 at 10 minutes. K.C.'s condition at delivery was depressed, floppy, apneic and unresponsive. The baby's birth weight was 4.98 pounds. K.C. was ventilated with bag valve mask for 20 seconds before being intubated. He was transferred to NICU for

---

[1] The date of K.C.'s birth is not given in order to comply with Rule 5.2 of the FRCP, and its privacy protection provisions.

Case 1:15-cv-22904-FAM Document 1 Entered on FLSD Docket 08/04/2015 Page 6 of 8

LORENZO, etc. et al. vs. UNITED STATES OF AMERICA

continued management, where he suffered a generalized tonic-clonic seizure at one hour of life.

25. As a result of ALVAREZ-REYES, M.D.'s premature induction of labor, K.C. was born with iatrogenic prematurity, and anoxic injury and other injuries.

26. As a result of K.C.'s condition after birth, he was transferred to Miami Children's Hospital in Miami, Florida for body cooling, and treatment of his seizure and hypoxic ischemic encephalopathy.

27. At Miami Children's Hospital, K.C. was diagnosed with hypoxic ischemic encephalopathy, seizures, respiratory failure, severe generalized and diffuse cerebral dysfunction, poor feeding, hearing loss and developmental delay, many of which conditions continue to this date and which will continue to manifest their effects in the future.

## COUNT I

## CLAIM AGAINST DEFENDANT, UNITED STATES OF AMERICA

28. The Plaintiffs re-adopt and re-allege paragraphs 1 through 26 and further allege:

29. Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, including but not limited to CITRUS and ALVAREZ-REYES, M.D., in providing medical care and treatment to Plaintiffs, ELIEN LORENZO and K.C., a Minor, at CITRUS, had and undertook the duty to provide medical care and services in accordance with that level of care and skill which is recognized as acceptable and appropriately by reasonably prudent, similar health care providers in the same or similar community.

30. Notwithstanding this duty, Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, breached its duties in one or more of the following ways:

    a. Negligently and carelessly failed to timely and appropriately evaluate, diagnose, assess, treat, monitor and manage ELIEN LORENZO's and her unborn infant's condition;

Case 1:15-cv-22904-FAM   Document 1   Entered on FLSD Docket 08/04/2015   Page 7 of 8

LORENZO, etc. et al. vs. UNITED STATES OF AMERICA

b. Negligently and carelessly failed to timely and appropriately calculate ELIEN LORENZO's estimated date of delivery;

c. Negligently and carelessly induced ELIEN LORENZO's labor at 35 weeks gestation;

d. Negligently and carelessly delivered K.C. prematurely without any medical reason;

e. Negligently and carelessly failed to timely recognize and act upon the unnecessary premature delivery of K.C.;

f. Negligently and carelessly failed to follow the recommendations of the fetal ultrasound performed at Hialeah Hospital on July 1, 2013, as well as the prior ultrasounds performed prior to the hospital admission;

g. Negligently and carelessly failed to delay delivery until 39 weeks, 6 days, gestation;

h. Negligently and carelessly failed to timely and appropriately monitor, treat, diagnose and assess and manage ELIEN LORENZO and her minor child, K.C. in a timely manner before, during, and after the delivery of K.C., a minor; and

i. Negligently and carelessly failed to prevent serious and permanent damages to K.C., including but not limited to, hypoxic ischemic brain injury, and the many other resulting sequelae.

31. As a direct and proximate result of the negligence of the Defendant, by and through its employees, agents, and/or servants, including, but not limited to, CITRUS and ALVAREZ-REYES, M.D., K.C., a minor, has in the past and will in the future suffer bodily injury, pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, reasonable expense of hospitalization and medical, nursing and other health care related expenses, loss of wage earning capacity, rehabilitation expenses and aggravation of a pre-existing condition.

Case 1:15-cv-22904-FAM Document 1 Entered on FLSD Docket 08/04/2015 Page 8 of 8

LORENZO, etc. et al. vs. UNITED STATES OF AMERICA

32. Furthermore, as a direct and proximate result of the negligence of the Defendant, by and through its employees, agents, and/or servants, including, but not limited to, CITRUS and ALVAREZ-REYES, M.D., K.C. was born with permanent and total disability and damages of a serious and permanent nature, and the parents have individual claims on account of the condition of their child.

33. In addition, as a direct and proximate result of the negligence of the Defendant which caused a significant, serious and permanent total disability to K.C., a minor, ELIEN LORENZO and LAZARO CABRERA, individually and as parents and natural guardians of K.C., a minor, have in the past and will in the future suffer permanent loss of services, comfort, society, love, affection and solace of K.C. and medical, hospital and related expenses on account of his permanent total disability, as well as earnings lost in the past and loss of ability to earn money in the future reasonably resulting from the need to care and provide for K.C. because of the child's injury and incapacity.

**WHEREFORE,** the Plaintiffs, ELIEN LORENZO and LAZARO CABRERA, individually and as parents and natural guardians of K.C., a minor, demand judgment against the Defendant for compensatory damages in the amount in excess of the minimum jurisdictional limits of this Court, exclusive of interests and costs.

DATED this 4th day of August, 2015.

Respectfully submitted,

GAMBA, LOMBANA & HERRERA
Attorney for Plaintiffs
2701 Ponce de Leon Blvd., Mezzanine
Coral Gables, Florida 33134
Phone: (305) 448-4010 / Fax: (305) 448-9891

By: _____
Tomas F. Gamba
Florida Bar Number 216410
tgamba@glhlawyers.com